ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 3 1 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:09-CR-160-A |
| | § | |
| JAVIER ROSALES (3) | § | |

## FACTUAL RESUME

**INDICTMENT:**

Count One – Conspiracy to Smuggle Goods from the United States, in violation of 28 U.S.C. § 371 (18 U.S.C. § 554).

Count Three – Smuggling Goods from the United States, in violation of 18 U.S.C. § 554(a).

Count Four – Smuggling Goods from the United States, in violation of 18 U.S.C. § 554(a).

Count Eight – Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).

**PLEA:**

Count Eight – Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).

## PENALTIES:

On Count Eight of the Indictment, charging Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), the court may impose the following penalties:

a. imprisonment for a period not less than five (5) years nor more than forty (40) years;

b. a fine not to exceed $2,000,000, or both fine and imprisonment;

c. a term of supervised release of not less than four (4) years; if the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement. The effect of a revocation of a term of supervised release is to make the overall period of incarceration longer. If the conditions of supervised release are revoked on multiple counts, the Court could order that the resulting terms of incarceration run consecutively to one another

d. a mandatory special assessment of $100;

e. costs of incarceration and supervision; and

f. forfeiture of money and property.

## ELEMENTS OF THE OFFENSE:

In order to establish the guilt of the defendant of the offense of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), as alleged in Count Eight of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

*First:*  That two or more persons, directly or indirectly, reached an agreement to sell methamphetamine;

*Second:*  That the defendant knew of the unlawful purpose of the agreement;

*Third:*  That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

*Fourth:*  That the overall scope of the conspiracy involved at least fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine.

## STIPULATED FACTS:

On or about October 21, 2009, task force officers with the DEA went to the home of Edgar Ramirez, based upon information that he was in possession of methamphetamine. Edgar Ramirez agreed to let officers search his home and led them to approximately two kilograms of methamphetamine.

Edgar Ramirez had received the methamphetamine from the defendant. The defendant asked Edgar Ramirez to sell the methamphetamine that he had received ~~from~~ Through [JB] Alberto Pulido, also known as "Betico," in Mexico. The defendant entered into the agreement with Edgar Ramirez and Alberto Pulido, knowing the unlawful purpose of the agreement.

**Factual Resume - Page 3**

The defendant admits that the narcotics were tested and are in fact methamphetamine.

AGREED AND STIPULATED on this __2__ Day of __December__, 2009.


X _____        _____
JAVIER ROSALES                                                   JIM SHAW
Defendant                                                             Attorney for Defendant

**Factual Resume - Page 4**