IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION


UNITED STATES OF AMERICA          (   4:09-CR-160-A
                                  (
VERSUS                            (   DALLAS, TEXAS
                                  (
JAVIER ROSALES-BELOZ              (   DECEMBER 11, 2009


TRANSCRIPT OF REARRAIGNMENT 1 OF 2
BEFORE THE HONORABLE JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE


A P P E A R A N C E S:


FOR THE GOVERNMENT:        JOSHUA T. BURGESS
                           Assistant United States Attorney
                           801 Cherry Street
                           Burnett Plaza Suite 1700 Unit 4
                           Fort Worth, Texas 76102
                                817.252.5200


FOR THE DEFENDANT:         JAMES HOWARD SHAW
                           James H. Shaw PC
                           912 Belnap Street
                           Fort Worth, Texas  76102
                                817.877.0401


INTERPRETER:               FRANCISCO HERNANDEZ


COURT REPORTER:            RANDY M. WILSON, C.S.R.
                           1100 Commerce Street, Room 1625
                           Dallas, Texas 75242
                                214.766.9150

```
1                      P R O C E E D I N G S :
2           THE COURT:  Okay.  I'm first calling for
3    rearraignment Number 4:O9-CR-155-A, United States of America
4    versus Fernando Perales-Carrizales -- is it Carrizales?
5           THE DEFENDANT:  Yes.
6           THE COURT:  Let's see, Mr. Smith is here for
7    government.
8        And Mr. Hermesmeyer is here for the defendant.
9        Okay.  This is -- your client needs an interpreter?
10          MR. HERMESMEYER:  Yes, Your Honor.
11          THE COURT:  And Mr. Francisco Hernandez is doing --
12   is here for that purpose, and he's interpreting through a
13   transmitter --
14          THE INTERPRETER:  Yes, sir.
15          THE COURT:  -- with a microphone on the defendant's
16   head -- I mean, a receiver on the defendant's head.
17       Have you been sworn in this case?
18          THE INTERPRETER:  No, Your Honor.
19          THE COURT:  Okay.  The interpreter will raise his
20   right hand to be sworn.
21              (Fransisco Hernandez, Interpreter, sworn.)
22          THE COURT:  Okay.  This is directed to the
23   defendant:  Raise your right hand to be sworn.
24                  (Defendant Perales sworn.)
25          THE COURT:  Do you understand that you're now under
```

1    oath and that if you answer any of my questions falsely your

2    answers could later be used against you in a prosecution for

3    perjury, or making a false statement?

4              DEFENDANT PERALES:  Yes.

5              THE COURT:  What skills do you have in the English

6    language?  How well can you read, write, understand, and

7    speak the English language?

8              DEFENDANT PERALES:  None.

9              THE COURT:  Okay.  What is your full name?

10             DEFENDANT PERALES:  Fernando Perales-Carrizales.

11             THE COURT:  Do you normally go by the surname

12   "Perales"?

13             DEFENDANT PERALES:  Perales.

14             THE COURT:  Okay.  Why don't you and your --

15   Mr. Hermesmeyer step back just a minute, or you step back.

16   Mr. Hermesmeyer has to stay here for a minute.

17        Okay.  I'm next calling Number 4:09-CR-157-A, United

18   States of America versus Rosendo Fuentes-Rendon.

19        Mr. Smith is here for the government.

20        And Mr. Hermesmeyer is here for the defendant.

21        And your client needs an interpreter in this case,

22   Mr. Hermesmeyer?

23             MR. HERMESMEYER:  Yes, Your Honor.

24             THE COURT:  And Mr. Francisco Hernandez is here for

25   that purpose.

| | |
|---|---|
| 1 | Have you been sworn in this case, Mr. Hernandez? |
| 2 | THE INTERPRETER:  No, Your Honor. |
| 3 | THE COURT:  Okay.  Raise your right hand to be |
| 4 | sworn. |
| 5 | (Fransisco Hernandez, Interpreter, sworn.) |
| 6 | THE COURT:  Okay.  This is directed to the |
| 7 | defendant:  Raise your right hand to be sworn. |
| 8 | (Defendant Fuentes sworn.) |
| 9 | THE COURT:  Do you understand that you're now under |
| 10 | oath and that if you answer any of my questions falsely your |
| 11 | answers could later be used against you in a prosecution for |
| 12 | perjury, or making a false statement? |
| 13 | DEFENDANT FUENTES:  I do. |
| 14 | THE COURT:  How well do you read, write, |
| 15 | understand, and speak the English language. |
| 16 | DEFENDANT FUENTES:  Excuse me? |
| 17 | THE COURT:  Speak toward the microphone. |
| 18 | How well do you read, write, understand, and speak the |
| 19 | English language? |
| 20 | DEFENDANT FUENTES:  20 percent. |
| 21 | THE COURT:  Okay. |
| 22 | What is your full name? |
| 23 | DEFENDANT FUENTES:  Rosendo Fuentes-Rendon. |
| 24 | THE COURT:  Okay.  And do you normally go by the |
| 25 | surname "Fuentes"? |

1    DEFENDANT FUENTES:  Yes, sir.

2    THE COURT:  Okay.  Why don't you step back a

3    minute, and we'll go forward with the next defendant.

4    I'm now calling forward Number 4:09-CR-160-A, United

5    States of America versus Javier Rosales.

6    Mr. Burgess is here for the government.

7    And Mr. Shaw is here for the defendant.

8    MR. SHAW:  Yes, Your Honor.

9    THE COURT:  Let's see, your client needs an

10    interpreter, Mr. Shaw?

11    MR. SHAW:  Your Honor, if it please the court, he

12    -- he is the one that had written a letter to you saying that

13    he doesn't read the English language very well.

14    THE COURT:  Well, does he understand when we talk?

15    MR. SHAW:  I believe that he does, Your Honor,

16    but...

17    THE COURT:  Mr. Rosales, raise your right hand to

18    be sworn.

19    (Defendant Rosales is sworn.)

20    THE COURT:  Mr. Rosales, do you understand that

21    you're now under oath and that if you answer any of my

22    questions falsely your answers could later -- later could be

23    used against you in a prosecution for perjury, or making a

24    false statement?

25    DEFENDANT ROSALES:  Yes.

1          THE COURT:  Apparently, you can speak and

2     understand the English language but can't read it; is that

3     correct?

4          DEFENDANT ROSALES:  Correct.

5          THE COURT:  So we don't need an interpreter with me

6     talking to you and you talking to me; is that correct?

7          DEFENDANT ROSALES:  Yes.  I -- I think I need

8     because I don't know 100 percent.

9          THE COURT:  Okay.  Have you been sworn in this

10    case, Mr. Hernandez?

11         THE INTERPRETER:  Excuse me, Your Honor?

12         THE COURT:  Have you been sworn in this case?

13         THE INTERPRETER:  No, Your Honor.

14         THE COURT:  Okay.  Well, Mr. Hernandez will

15    interpret.  And I'll ask that he be sworn in this case.

16              (Fransisco Hernandez, Interpreter, sworn.)

17         THE COURT:  Mr. Rosales, what is your full name?

18         DEFENDANT ROSALES:  Javier Rosales-Beloz.

19         THE COURT:  How do you spell the last name?

20         DEFENDANT ROSALES:  B-E-L-O-Z.

21         THE COURT:  Do you normally go by the surname

22    "Rosales"?

23         DEFENDANT ROSALES:  Yes.

24         THE COURT:  Okay.

25       Okay.  Why don't you step back with your attorney just a

1    minute, and we'll come back to you.

2        I'm next calling in this same case, 4:09-CR-160-A,

3    United States of America versus Isidro Lozano.

4        Mr. Burgess is here for the government.

5        And Mr. Danielson is here for Mr. Lozano.

6        Mr. Danielson, does your client need an interpreter?

7            MR. DANIELSON:  He does, Your Honor.

8        THE COURT:  Mr. Hernandez is here for that purpose.

9    He's been sworn, so we don't need to swear him again.

10       You need some equipment, Mr. Hernandez?

11       (Fransisco Hernendez, Interpreter, previously sworn.)

12           MR. DANIELSON:  We do, yes.

13           THE COURT:  Okay.  I'll ask the defendant to raise

14   his right hand to be sworn.

15                      (Defendant Lozano sworn.)

16           THE COURT:  Mr. Lozano, do you understand that

17   you're now under oath and that if you answer any of my

18   questions falsely your answers could later be used against

19   you in a prosecution for perjury, or making a false

20   statement?

21           DEFENDANT LOZANO:  I do.

22           THE COURT:  What skills do you have in the English

23   language?  How well can you read, write, understand, and

24   speak in the -- and speak the English language?

25           DEFENDANT LOZANO:  20 percent.

1          THE COURT:  Okay.

2      What is your full name?

3          DEFENDANT LOZANO:  Isidro Lozano-Perez.

4          THE COURT:  What is the last name?

5          DEFENDANT LOZANO:  Lozano.

6          THE COURT:  No, but the last name you said.

7          DEFENDANT LOZANO:  Perez.

8          THE COURT:  Spell that for me.

9          DEFENDANT LOZANO:  P-E-R-E-Z.

10         THE COURT:  Perez.  I'm sorry.  I didn't understand

11     what you were saying.

12     Do you normally go by the surname "Lozano"?

13         DEFENDANT LOZANO:  Yes.

14         THE COURT:  Okay.  Why don't you step back with

15     your attorney just a minute.

16     And next I'm calling in this same case, Number

17     4:09-CR-160-A, it's United States of America versus Eduardo

18     Flores this time.

19     Mr. Burgess is here for the government.

20     And Mr. Stickels is here for the defendant.

21     Mr. Flores, raise your right hand to be sworn.

22                 (Defendant Flores sworn.)

23         THE COURT:  Mr. Flores, do you understand that

24     you're now under oath and that if you answer any of my

25     questions falsely your answers could later be used against

1  you in a prosecution for perjury, or making a false

2  statement?

3           DEFENDANT FLORES:  Yes, I do, Your Honor.

4           THE COURT:  How -- how -- I take it you read,

5  write, and understand the English language proficiently?

6           DEFENDANT FLORES:  Yes, Your Honor.

7           THE COURT:  Okay.  And what is your full name?

8           DEFENDANT FLORES:  Eduardo Flores-Garza.

9           THE COURT REPORTER:  Say that last name again,

10  please.

11           DEFENDANT FLORES:  Flores-Garza.

12           THE COURT:  Okay.  Spell that very last part.

13           DEFENDANT FLORES:  G-A-R-Z-A.

14           THE COURT:  Okay.  And do you normally go by the

15  surname "Flores"?

16           DEFENDANT FLORES:  Yes.  Yes, sir.

17           THE COURT:  Okay.  Why don't you step back with

18  your attorney a minute.

19      Okay.  I'm next calling Number 4:09-CR-134-A, United

20  States of America versus Gary Wayne Sides.

21      Mr. Bradford is here for the government.

22      Mr. Belcher is here for the defendant.

23      Mr. Sides, raise your right hand to be sworn.

24                (Defendant Sides sworn.)

25           THE COURT:  Mr. Sides, do you understand that

you're now under oath and that if you answer any of my

questions falsely your answers could later be used against

you in a prosecution for perjury --

            DEFENDANT SIDES:  Yes, sir.

            THE COURT:  -- or making a false statement?

            DEFENDANT SIDES:  Yes, sir.

            THE COURT:  And I take it you read, write, and

understand the English language proficiently?

            DEFENDANT SIDES:  Yes, sir.

            THE COURT:  And what is your full name?

            DEFENDANT SIDES:  Gary Wayne Sides.

            THE COURT:  Why don't you step back a minute with

your attorney.  Go down to the end of the line there.

      Okay.  I'm next calling Number 4:09-CR-160-A, United

States of America versus Juan Ramirez.

      Mr. Burgess is here for the government.

      And Mr. Belcher is here for the defendant.

      Mr. Ramirez, raise your right hand to be sworn.

                  (Defendant Ramirez-Pulido sworn.)

            THE COURT:  Okay.  Does your client need an

interpreter?

            MR. BELCHER:  Yes, he does, Your Honor.

            THE COURT:  Okay.  Francisco Hernandez is here for

that purpose.

      Let's see, I don't believe he's -- has he already been

1    sworn in this case with one of these earlier defendants?

2              MR. BURGESS:  Yes, sir.

3         (Francisco Hernandez, Interpreter, previously sworn.)

4              THE COURT:  Okay.  Mr. Rosales.

5         This is directed to the defendant -- well, raise your

6    right hand to be sworn.

7              MR. BELCHER:  You've already sworn him.

8              THE COURT:  Oh, you've sworn him.  I'm sorry.

9         We're doing things over and over again.  You can put

10   your hand down.  You've done that.

11        Do you understand that you're now under oath and that if

12   you answer any of my questions falsely your answers could

13   later be used against you in a prosecution for perjury, or

14   making a false statement?

15        Do you understand that?

16             DEFENDANT RAMIREZ:  I do.

17             THE COURT:  What are your skills in the English

18   language?  How well can you read, write, understand, and

19   speak the English language?

20             DEFENDANT RAMIREZ:  About 40 percent.

21             THE COURT:  Okay.  Why don't you -- what -- what is

22   your full name?

23             DEFENDANT RAMIREZ:  Juan Manuel Ramirez-Pulido.

24             THE COURT:  Why don't you -- I have Juan Ramirez,

25   but I didn't understand for sure what the other parts were.

```
1     What was the name after Juan?
2               DEFENDANT RAMIREZ:  Manuel.
3               THE COURT:  Spell that -- spell that for me.
4               DEFENDANT RAMIREZ:  M-A-N-U-E-L.
5               THE COURT:  Okay.  And what came after Ramirez?
6     What was at the very end of it?
7               MR. BELCHER:  It was Pulido, Your Honor,
8     P-U-L-I-D-O.
9               THE COURT:  Okay.
10        Do you normally go by the surname "Ramirez"?
11              DEFENDANT RAMIREZ:  Yes.
12              THE COURT:  Okay.  Y'all go back at the end of the
13    line over there.
14        I'm next calling Number 4:09-CR-115-A, United States of
15    America versus Steven Ray Adams.  Mr. -- who is here for the
16    government?
17        Mr. Schattman?
18        Mr. Schattman is here for the government.
19        And Mr. Durden is here for the defendant.
20        And I'll ask the defendant to raise his right hand to be
21    sworn.
22                    (Defendant Adams sworn.)
23              THE COURT:  Mr. Adams, do you understand that
24    you're now under oath and that if you answer any of my
25    questions falsely your answers could later be used against
```

1    you in a prosecution for perjury, or making a false

2    statement?

3              DEFENDANT ADAMS:  Yes, Your Honor.

4              THE COURT:  And I take it you read, write,

5    understand, and speak the English language proficiently?

6              DEFENDANT ADAMS:  Correct.

7              THE COURT:  Okay.  What is your full name?

8              DEFENDANT ADAMS:  Steven Ray Adams.

9              THE COURT:  Okay.  Why don't you and your attorney

10   step back a minute.

11        I'm next calling in this same case, 4:09-CR-115-A,

12   United States of America, and this time the defendant is

13   Miyoshia Wylynn Nance.

14        Of course, Mr. Schattman is here for the government

15   still.

16        And Mr. Wyatt is here for the defendant.

17        I'll ask the defendant to raise her right hand to be

18   sworn.

19                    (Defendant Nance sworn.)

20              THE COURT:  Do you understand that you're now under

21   oath and that if you answer any of my questions falsely your

22   answers could later be used against you in a prosecution for

23   perjury, or making a false statement?

24              DEFENDANT NANCE:  Yes, sir.

25              THE COURT:  And I take it you read, write, and

understand -- read, write, understand, and speak the English language proficiently?

DEFENDANT NANCE:  Yes, sir.

THE COURT:  What is your full name?

DEFENDANT NANCE:  My name is Miyoshia Wylynn Nance.

THE COURT:  Okay.

Okay.  Y'all can just stay where you are, if you would like.

I have in front of me all nine defendants who are, to my understanding, to plead guilty to some offense; and I'm going to give each of you some explanations that are very important, bearing in mind your intent to plead guilty, so listen closely.  I'm going to start by explaining to you the constitutional rights you have.

You, and each of you, may, if you choose, plead not guilty to any offense charged against you or persist in that plea if it already has been made.

If you plead not guilty, the Constitution of the United States guarantees to you the following rights:

The right to a speedy and public trial by a jury in this District.

The right at such a trial for you to confront, that is, to see, hear, and cross-examine all witnesses against you.

The right to use the power and process of the court to compel the production of any evidence, including the

1    attendance of any witnesses in your favor.

2          The right to have the assistance of an attorney in your

3    defense at all stages of the proceedings.  If necessary, an

4    attorney will be appointed to represent a defendant who does

5    not have an attorney.

6          And you cannot be compelled to testify.  The decision of

7    whether you will testify or not is a matter in which your

8    judgment will control.

9          The United States government must prove your guilt

10   beyond a reasonable doubt.

11         If you're found guilty, you have the right to appeal

12   your conviction.

13         Defendant Perales, do you have -- do you understand that

14   you have those constitutional rights?

15               DEFENDANT PERALES:  Yes.

16               THE COURT:  Defendant Fuentes, do you understand

17   you have the constitutional rights I've just described?

18               DEFENDANT FUENTES:  Yes.

19               THE COURT:  Defendant Rosales, do you understand

20   you have the constitutional rights I've just described?

21               DEFENDANT ROSALES:  Yes.

22               THE COURT:  Defendant Lozano, do you understand you

23   have the constitutional rights I've just described?

24               DEFENDANT LOZANO:  Yes.

25               THE COURT:  Defendant Flores, do you understand you

1    have the constitution rights I've just described?

2           DEFENDANT FLORES:  Yes, Your Honor.

3           THE COURT:  Defendant Sides, do you understand that

4    you have the constitutional rights I've just described?

5           DEFENDANT SIDES:  Yes, Your Honor.

6           THE COURT:  Defendant Ramirez, do you understand

7    you have the constitutional rights I've just described?

8           DEFENDANT RAMIREZ:  Si.

9           THE COURT:  Was that a "yes"?

10          DEFENDANT RAMIREZ:  Yes.

11          THE COURT:  Defendant Adams, do you understand that

12    you have those -- the constitutional rights I've just

13    described?

14          DEFENDANT ADAMS:  Yes, Your Honor.

15          THE COURT:  Defendant Nance, do you understand you

16    have the constitutional rights I've just described?

17          DEFENDANT NANCE:  Yes, sir.

18          THE COURT:  Okay.  I'm going to give all of you

19    some further explanations that are very important, bearing in

20    mind your intent to plead guilty, so listen closely.

21        If you plead guilty, and if such a plea is accepted by

22    the court, there will not be a further trial of any kind.  So

23    by pleading guilty, you waive the right to a trial, as well

24    as those other rights associated with a trial, as I have

25    described them.

1    Generally, a defendant who is accused of a crime cannot

2  plead guilty unless he or she is actually guilty of that

3  crime.

4    In federal court, the judge determines the penalty if a

5  defendant is convicted whether it is on a verdict of a jury

6  or upon a plea of guilty.

7    Other than the staff of the court, the court has not and

8  will not talk to anyone about the facts of your case except

9  here in your presence, where you, your attorney, and

10  representatives of the government are all present.

11    If you should be convicted, you and your lawyer each

12  will be given an opportunity to present to the court any

13  pleas for leniency.

14    The penalty will be decided on the basis of the facts

15  set forth in the presentence report and facts heard here.

16    You should never depend or rely upon any statement or

17  promise by anyone, whether connected with a law enforcement

18  agency or the government or anyone else as to what penalty

19  will be assessed against you.

20    Should you decide to plead guilty, your plea of guilty

21  must not be induced or prompted by any promises, mental

22  pressure, threats, force, coercion, or pressure of any kind.

23    A plea of guilty must be purely voluntary, and you

24  should plead guilty only because you're guilty and for no

25  other reason.

1          Now, one or more of you, I believe, will be pleading

2     guilty pursuant to a plea agreement.  I'll probably ask

3     questions about the plea agreement and might or might not

4     order it filed.  More than likely, I won't be in a position

5     today to determine whether I accept or reject a plea

6     agreement.

7          If later on I conclude that a plea agreement should be

8     rejected, and if I, in fact, do reject it, I'll notify the

9     defendant -- affected defendant and the attorneys that I've

10    done so and will give that defendant an opportunity to

11    withdraw his plea of guilty.  And, of course, if I reject the

12    plea agreement, neither the defendant nor the government will

13    have any rights or obligations under that plea agreement.

14         Now, the offense to which each of you proposes to plead

15    guilty is a felony.  An adjudication of guilt of such an

16    offense may deprive a defendant of valuable rights, such as

17    the right to vote, to hold public office, to serve on a jury,

18    to possess any kind of firearm, and other rights.

19         An adjudication of guilt could result in deportation,

20    that is, being required to leave the United States, of a

21    defendant who is an alien and could adversely affect such a

22    defendant's ability ever to become a citizen of the United

23    States.

24         Defendant Perales, have you understood the additional

25    explanations I've given you?

1           DEFENDANT PERALES:  Yes.

2           THE COURT:  Defendant Fuentes, have you understood

3    the additional explanations I've given you?

4           DEFENDANT FUENTES:  Yes.

5           THE COURT:  Defendant Rosales, have you understood

6    the additional explanations I've given you?

7           DEFENDANT ROSALES:  Yes.

8           THE COURT:  Defendant Lozano, have you understood

9    the additional explanations I've given you?

10          DEFENDANT LOZANO:  Yes.

11          THE COURT:  Defendant Flores, have you understood

12    the additional explanations I've given you?

13          DEFENDANT FLORES:  Yes, Your Honor.

14          THE COURT:  Defendant Sides, have you understood

15    the additional explanations I've given you?

16          DEFENDANT SIDES:  Yes, Your Honor.

17          THE COURT:  Defendant Ramirez, have you understood

18    the additional explanations I've given you?

19          DEFENDANT RAMIREZ:  Yes.

20          THE COURT:  Defendant Adams, have you understood

21    the additional explanations I've given you?

22          DEFENDANT ADAMS:  Yes, Your Honor.

23          THE COURT:  Defendant Nance, have you understood

24    the additional explanations I've given you?

25          DEFENDANT NANCE:  Yes, sir.

1                    THE COURT:  Okay.  I'm going to go over now with

2      you the sentencing process.  I'm going to give you

3      explanations about that -- the sentencing process, and these

4      are very important, bearing in mind your intent to plead

5      guilty, so listen closely.

6           Now, under the Sentencing Reform Act of 1984, the United

7      States Sentencing Commission has issued guidelines for judges

8      to follow in determining the sentence in a criminal case.

9      Those guidelines have been determined to be advisory only,

10     but they must be taken into account by the court in

11     determining what sentence to impose.

12          Before I go any further with my explanation about the

13     sentencing process, I'm going to ask each of you a question:

14          Defendant Perales, have you and your attorney discussed

15     how the sentencing guidelines might apply to your case?

16                    DEFENDANT PERALES:  Yes.

17                    THE COURT:  Defendant Fuentes, have you and your

18     attorney discussed how the sentencing guidelines might apply

19     to your case?

20                    DEFENDANT FUENTES:  Yes.

21                    THE COURT:  Defendant Rosales, have you and your

22     attorney discussed how the sentencing guidelines might apply

23     to your case?

24                    DEFENDANT LOZANO:  Yes.

25                    THE COURT:  Defendant Lozano, have you and your

attorney discussed how the sentencing guidelines might apply
to your case?

MR. SHAW:  Your Honor, if it pleases the court,
someone answered for Mr. Rosales.  I think he got mixed up.
Could we try Mr. Rosales again?

THE COURT:  Let me go back to Mr. Rosales.

Have you and your attorney discussed how the sentencing
guidelines might apply to your case?

DEFENDANT ROSALES:  I wish to talk with the judge
some conflict that I have with my attorney.

THE COURT:  Let's see, who is his attorney?

MR. SHAW:  That's Jim Shaw, Your Honor.

If it please the court, you sent me an order to respond
by Monday morning on a letter that he had written to you, and
he is -- his own explanation today is that he wants to,
quote, wait.

THE COURT:  He doesn't want to enter a plea of
guilty?

DEFENDANT ROSALES:  The thing that happened is that
I have a conflict with my attorney, and we don't understand
each other.  And I'd like to have a little more professional
help -- assistance in my case.  I have a doubt about the
capacity of the attorney, but in this case I understand that
he is not helping me enough.

THE COURT:  Well, we won't take a plea from him

1    today.

2              MR. SHAW:   Thank you, Your Honor.

3              THE COURT:   When is this case set for trial?

4              MR. BURGESS:   January 5th, Your Honor.

5              THE COURT:   We won't take a plea from him today,

6    and then I've urge you to meet with him Monday?

7              MR. SHAW:   You ordered me to meet with him before

8    today at 3:00 p.m.  I met with him immediately.  You

9    requested a report by Monday morning at 10:00 a.m.

10             THE COURT:   Okay.  Well, why don't you make that

11   report, and we'll decide where we go from there.

12             MR. SHAW:   Thank you, Your Honor.

13        May I be excused?

14             THE COURT:   You're excused.  And your client's

15   remanded to custody.

16             MR. SHAW:   Thank you, Your Honor.

17                       (End of proceeding.)

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3        I, RANDY M. WILSON, C.S.R., certify that at the time of

4    electronic filing the foregoing is a true and correct, to the

5    best of my abilities, of the pages of the stenographic notes

6    provided to me by the court of the proceedings taken at the

7    date and time previously stated in the foregoing entitled

8    matter.

9

10       I further certify that I am neither counsel for, related

11   to, nor employed by any of the parties to the action in which

12   this hearing was taken and further I am not financially or

13   otherwise interested in the outcome of the action.

14

15       I certify that the transcript fees format comply with

16   those prescribed by the Court and the Judicial Conference of

17   the United States.

18

19        This the 22nd day of November, 2010.

20

21

22                           s/RANDY M. WILSON
                            _____
23                           RANDY M. WILSON, C.S.R.
                             Official Court Reporter
24                           The Northern District of Texas
                                Dallas Division
25