FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2011 AUG 18 PM 1: 05

CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORTH WORTH DIVISION

**UNITED STATES OF AMERICA,**

**V.**                                    **Case No. 4:09—CR—160—A**

**JAVIER ROSALES.**

### COMPLAINT

I, **Javier Rosales,** declare under the penalty of perjury, that the following statements, represent a true and accurate events of facts.

"Beginning on or about, February 25, 2010, in the Northern District of Texas, Fort Worth Division, retained Counsel, Mr. Gene deBullet, Esq., Assistant United State's Attorney, Mr. Joshua T. Burgess, and Integrated Forensic Laboratories, did combine, conspire, confederate, and agreed together to knowingly and willfully, and by deception, used this Honorable Court as a basis to swindle $1,200.00 dollars from Me, and my family.

### STATEMENT OF FACTS

1. On December 31, 2009, I was represented in the above-mentioned case by retained counsel, Mr. Gene deBullet, who filled a motion to produce simple substance for independent testing, and brief in support thereof. In His motion, Counsel requested the independent testing of the drugs, to properly prepare for trial, to develop evidence to support the issue of the purity of the substance. **(See: Exhibit "A" Document 120.)**

2. On December 31, 2009, this Honorable Court, Judge, John McBride, entered an order, rendering "moot" the motion to produce samples, as the defendant, Rosales, entered a plea of guilty.

(See: Exhibit "B" Document 123.)

3. On Febarury 25, 2010, Mr. Gene deBullet, Esq., filed an "amended joint motion", to allow release of evidence for further testing. In His motion, Mr. deBullet presented to this Honorable Court, He stated that the government, who was represented by (Joshua T. Burgess), AUSA, after conferring with Him, He joint stipulated to allow the drugs to be independently tested by a forensic laboratory "Integrated Forensic Laboratory", 901 Clinic Dr., Ste. C110, Euless, Tx 76039.  **(See: Exhibit "C" Document 's 175, 176 , page 2, signature of Gene deBullet, And Joshua T. Burgess.)**

4. On February 25, 2010, this Hoorable Court, Judge, John McBryde, issued an order granting the unopposed motion to allow release of evidence for further testing. **(See: Exhibit "D" Document 177.)**

5. On April 21, 2011, Rosales brother, Alberto Rosales, had an appointment with Gene deBullet, for the purpose of requesting copies of the files in the above-mentioned case, and the lab results from the independent lab testing results. Prior to April 21, 2011, Alberto called deBullet's office, and spoke to deBullet's secretary about one week before, and told Her what I needed from deBullet. She told Alberto that there was no problem, and set the appointment for April 21, 2011, @ 3:00P.M. Gene deBullet admited to Alberto that He could help Javier Rosales, because He would testify that Jim Shaw, Javier's previous attorney, did not release the files to him. **( See: Exhibit "E" letter / Affidavit of Alberto Rosales.)**

6. On April 22, 2011, a certified letter was sent to Mr. Gene deBullet, requesting for a copy of the independent lab test results from Integrated Forensic Laboratory, for which He was charged $1,200.00 dollars, and a copy of Integrated Forensic's Laboratories invoice. **(See; Exhibit "F" copy of ceritfied letter.)**

7. On May 27, 2011, Mr. Gene deBullet sent a certified letter to Rosales, stating that it took a while to go to the storage unit to comply with Rosales request, and provided Rosales with:

(1) a laboratory test results , for which Rosales is contesting the legitimately of the document; and

(2) a bill for $250.00 dollars for time and staff to provide the same. However, no invoice was provided to Rosales. **(See: Exhibt "G" Gene deBullet's ceritfied letter.)**

8. On May 26, 2011, Rosales sent Integrated Forensic Laboratory, a certified letter, contesting the $1,200.00 dollars He was cahrged by them, and requesting a copy of the lab tests results that they performed on the drugs, in the above-mentioned case, and a copy of the invoice, demonstrating the justification of charging Rosales $1,200.00 dollars.  **(See; Exhibit "H" copy of the ceritified letter.)**

9. On June 7, 2011, a ceritfied letter was sent to Rosales, by Mr. Gene deBullet, in response to Rosales letter sent to Integrated in which no invoice was provided for the services.**(See: Exhibit "I" copy of Gene deBullet's ceritifed letter.)**

10. On June 20, 2011, Rosales sent Integrated Forensic Laboratories, a ceritfied letter requesting a copy of the lab results and the invoice of the testing of drugs performered by them in the above-mentioned case. **(See: Exhibit "J" copy of certified letter.)**

11. As of this date, Rosales never received a response from Intergrated or Mr. Gene deBullet.

## ARGUMENT

I, **Javier Rosales,** have been taken advantage of by Mr. Gene deBullet, Mr.Joshua T. Burgess, and Integrated Forensic Laboratories, in which, they swindled me out of $1,200.00 dollars.

Please be advised that this Honorable Court Judge, John McBryde, issued an order on December 31, 2009, rendering the independent lab results testing "Moot". It was of no basis to contest the purity of the drugs, since Rosales had pled guilty. However, the above-mentioned parties **"deliberately deceived"** this Honorable Court to believe that the testing was an issue still pending before the Court. Counsel, Mr.deBullet, and AUSA, Mr.Joshua T. Burgess, stipulated to a motion prepared by Mr. deBullet, in which the motion of February 25, 2010, requested for an independent testing based on Rosales, co-defendant's, rights to stand trial. This had **"NOTHING"** to do with Rosales, or his defense.

The motive and actions of the attorney's in this case, were predicated on pecunary gain. It would be appropiate to say **"BEAT THE HORSE WHILE HE IS DOWN".** Rosales was charged $1,200.00 dollars for the independent lab test results. There was no basis to perform the testing. (The PSI interview was already done.)

Rosales avers, that the reason for filing the complaint stems from His independent investigation of why the testing was needed.

Rosales further avers, that according with case law precedent, in this circuit Court of Appeals, the average percentage of purity of Methamphetamines is 87%. Thus, creating a doubt of the legitimately of the lab results provided to Him by Mr.Gene deBullet.

Rosales is entitled to have Integrated provide Him with a copy of the lab results as well as the invoice, since He was the proper

4

employer of Integrated. **(See: Exhibit "K", <u>United States v. Treft</u>, 447 F.3d 421 (5th cir. 2006; " In reality, methamphetamine will rarely be entirely pure.")**

Rosales has unsuccessfully attempted to have Integrated Forensic Laboratories, to provide Him with a copy of the laboratory results and a copy of the invoice, which Intergrated has refused to do so. Nevertheless, this Honorable Court has been **"used"** as a predicate to swindle $1,200.00 dollars from Rosales, as there was no basis for the testing. The subsequent amended motion for further testing was **"deliberately deceiving"**, and there was no just reason to request the testing, other than to swindle Rosales out of $1,200.00 dollars.

**WHEREFORE,** I respectfully request tha this Honorable Court, may look inot this matter for which this Honorable Court was **"used"** by Mr. Gene deBullet, Mr. Joshua T.Burgess; and Intergrated Forensic Laboratory, to swindle Rosales out of $1,200.00 dollars, while a Federal Criminal Proceeding was pending before this Honorable Court. To invoke it's Supervisory Jurisdiction Powers to impose sanctions against the parties.

**IT IS SO PRAYED!**

I, declare under the penalty of perjury, and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this _9_ day of _August_ , 2011.

_Javier Rosales_
Javier Rosales,
Reg.No.: 39033-177
FCI - Jesup
2680 U.S. Hwy.301 South,
Jesup, Ga 31599.

## CERTIFICATE OF SERVICE

I, **HEREBY CERTIFY,**  that a true and correct copy of the foregoing motion, has been sent by U.S. Mail to: Mr. Gene deBullet, Wells Fargo Bank, Stockyards, 2315 North Main Street, Suite 300, Forth Worth, Texas, 76164, and to Mr. Joshua T. Burgess, AUSA, Burnett Plaza Suite 1700,801 Cherry Street, Unit #4, Forth Worth, Texas, 76102-6882, and to Intergrated Forensic Laboratory, 901 Clinic Dr. Ste. C110, Euless, Texas, 76039, on this _10_ day of _August_, 2011.

Respectfully Submitted,

Javier Rosales,
Reg.No: 39033-177
FCI - Jesup
2680 U.S. Hwy. 301 South,
Jesup, Ga 31599.

## APPENDIX

1. EXHIBIT "A" - Motion to produce samples....

2. EXHIBIT "B" - Order.....

3. EXHIBIT "C" - Amended Motion to release .......

4. EXHIBIT "D" - Order granting.......

5. EXHIBIT "E" - Affidavit of Alberto Rosales.......

6. EXHIBIT "F" - Certified letter to Gene deBullet.....

7. EXHIBIT "G" - Response letter from Gene deBullet....

8. EXHIBIT "H" - Copy of ceritfied letter sent to Intergrated....

9. EXHIBIT "I" - Copy of Gene deBullet's response on behalf of....

10. EXHIBIT "J" - Copy of ceritfied letter sent to Intergrated.....

11. EXHIBIT "K" - U.S.V. Treft,  447 F.3d 421 (5th cir. 2006).....

Respectfully Submitted,

Javier Rosales,
Reg. No.: 39033-177
FCI - Jesup
2680 U.S. Hwy.301 South,
Jesup, GA 31599.

EXHIBIT

A

EXHIBIT

A



*C T J*

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FORT WORTH DIVISION

2009 DEC 31   AM 10: 50

CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **CRIMINAL NO. 4:09-cr00160-A** |
| | § | |
| **JAVIER ROSALES** | § | |

### MOTION TO PRODUCE SAMPLE SUBSTANCE FOR INDEPENDENT TESTING
### AND BRIEF IN SUPPORT THEREOF

**TO THE HONORABLE JUDGE JOHN McBRYDE:**

COMES NOW, JAVIER ROSALES, by and through his attorney of record and files this his Motion to Produce a Sample Substance for Independence Testing and for cause would respectfully show unto the Court the following:

1.      The Defense, pursuant to Federal Rule of Criminal Procedure Rule 16 and Rule 702, 703, and 704 of the Federal Rules of Evidence, the Defense requests the Court to Order the Government to Provide samples of the allege controlled substance to a Defense expert, to-wit: Forensic Consultants in Tarrant County, Texas.

2.      The Defense would show that both proposed Defense experts have the required DEA numbers for testing of controlled substances.

3.      The independent tests are necessary in order to allow the Defense properly to prepare for trial and to develop evidence to support the issue of purity of the substance, in the form and manner of its state at the time of the seizure was not a controlled environment and was subject to aleration. Defendant is without Independent means to respond to the Government's allegation of percentage of

---

**MOTION TO PRODUCE SAMPLE SUBSTANCE FOR INDEPENDENT TESTING
AND BRIEF IN SUPPORT THEREOF ·
United States of America v. Javier Rosales
Page 1 of 2**

ntc

purity.

4.    The Defense counsel has spoken with the Honorable Josh Burgess who is the Assistant United States Attorney handling the case at this time and he indicated that he had no objection to the requested production for one expert witness so long as they had a proper DEA number for the handling of controlled substances.

WHEREFORE, PREMISES CONSIDERED, the Defendant requests the Court to Order the production of a sample of the controlled substance for independent expert witness testing and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

Gene deBullet
State Bar No. 05628000
2315 North Main Street - Suite 300
Fort Worth, Texas 76164
Tel: (817) 335-4767
Fax: (817) 626-3753

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the forgoing motion has been delivered to the United States District Attorney's Office, 801 Cherry Street, Suite 1700, Fort Worth, Texas 76102-6897 on this the 30th day of December, 2009.

Gene deBullet

**MOTION TO PRODUCE SAMPLE SUBSTANCE FOR INDEPENDENT TESTING
AND BRIEF IN SUPPORT THEREOF**
United States of America v. Javier Rosales
Page 2 of 2

ntc

E
X
H
I
B
I
T

B

E
X
H
I
B
I
T

B



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC 3 1 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:09-CR-160-A(3) |
| | § | |
| ALBERTO PULIDO a/k/a "Betico," | § | |
| ET AL. | § | |

### O R D E R

The court has received the document titled "Motion to Produce Sample Substance for Independent Testing and Brief in Support Thereof" filed in the above-captioned action on December 31, 2009, by defendant Javier Rosales ("Rosales"). The court is confident that counsel for Rosales and counsel for the Government can reach an agreement on the subject matter of the motion without involving the court, thereby rendering the motion moot.

THE COURT SO ORDERS.

SIGNED December 31, 2009.

_____
JOHN McBRYDE
United States District Judge

E
X
H
I
B
I
T

C



E
X
H
I
B
I
T

C

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2010 FEB 25  PM 3: 48

CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CASE NO.  4:09-CR-160-A |
| | § | |
| JAVIER ROSALES (3) | § | |

---

### AMENDED JOINT MOTION TO ALLOW RELEASE OF EVIDENCE FOR FURTHER TESTING

---

## TO THE HONORABLE JUDGE JOHN H. MCBRYDE:

**NOW COMES DEFENDANT, JAVIER ROSALES,** by and through his appointed

attorney of record and joined by counsel for the government, and files this Joint Motion to Allow

Release of Evidence for Further Testing and would show the Court as follows:

On December 31, 2009, Defendant entered his plea of guilty to count eight Indictment

charging him with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §

841(a)(1) and (b)(1)(B).

According to a DEA lab report produced by the government, the controlled substance at issue

in this case (described as Exhibit 5, Lab No. 206800) tested to have a purity of 99% (+/- 3.5%). *See*

DEA Lab Report attached hereto.  The government has agreed to a defense request to allow the drugs

to be independently tested by a forensic laboratory, Integrated Forensic Laboratory.  However, in

order for the DEA to properly release the evidence for such further testing, the DEA requires a court

order allowing the release of the evidence for such testing.

This same drug evidence is at issue in the case of United States v. Pulido, 4:09-CR-160-A in

the case against Defendant Edgar Ramirez.  Moreover, it is the understanding of the parties that

---

USCA5 217

retained counsel for Defendant Rosales has agreed to pay for the cost of this further testing of the

drug evidence by Integrated Forensic Laboratory. Accordingly, there is no request from appointed

counsel for Defendant Rosales for the Court to authorize the expense of this further testing.

However, to the extent necessary, the parties herein request that the Court enter an Order to allow the

DEA laboratory to release the evidence set forth hereinabove in the manner required by the DEA to

have the evidence independently tested by Integrated Forensic Laboratory and then returned to DEA

care, custody and control.

Respectfully submitted,

By: _____

Gene deBullet
Texas State Bar No. 05628000

LAW OFFICE OF GENE DEBULLET
2315 N. Main Street, Suite 300
Fort Worth, Texas 76164
Telephone: 817-335-4767
Telecopier: 817-626-3753

**ATTORNEY FOR DEFENDANT**

By: _____

JOSHUA BURGESS
Texas State Bar No. 24001809
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone: 817-252-5200
Telecopier: 817-978-3094

**ATTORNEY FOR THE
UNITED STATES OF AMERICA**

USCA5 218

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 25th day of February 2010, a conference was held with Assistant United States Attorney Josh Burgess who informed the undersigned counsel that he **does not oppose** the relief requested in this joint motion. Accordingly, the motion is presented to the court for determination.

_____
Gene deBullet

## CERTIFICATE OF SERVICE

On this the ___25th___ day of __February__, 2010, I served the foregoing document to the following attorney(s) of record:

| Via Hand-Delivery | |
|---|---|
| Josh Burgess U. S. Attorney's Office 801 Cherry, Suite 1700 Fort Worth, TX 76102 | |

_____
Gene deBullet

---

AMENDED JOINT MOTION TO ALLOW RELEASE OF EVIDENCE FOR FURTHER TESTING          Page 3 OF 3

E
X
H
I
B
I
T

D

E
X
H
I
B
I
T



D

NORTHERN DISTRICT OF TEXAS
**FILED**

FEB 2 5 2010

CLERK, U.S. DISTRICT COURT

By _____
          Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **CRIMINAL NO. 4:09-CR-00160-A** |
| | § | |
| **JAVIER ROSALES** | § | |

*Unopposed Motion*

### ORDER GRANTING JOINT MOTION TO ALLOW RELEASE OF EVIDENCE FOR FURTHER TESTING

*Unopposed*

Now before the Court is the Joint Motion to Allow Release of Evidence for Further Testing filed by Defendant in the above-styled and numbered cause. After considering the motion, the Court finds the motion to be well-taken.

**IT IS THEREFORE ORDERED** that the ~~Joint Motion to Allow Release of Evidence for Further Testing~~ *such* is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the DEA is authorized and ordered to release the controlled substance at issue in this case (described as Exhibit 5, Lab No. 206800) to INTEGRATED FORENSIC LABORATORIES, 901 Clinic Drive, Suite C110, Euless, TX 76039, Telephone Number 817.553.6565 for further testing.

**IT IS FURTHER ORDERED** that upon completion of the further drug testing that the evidence be returned to the care, custody, and control of the DEA and that the resulting report of analysis be forwarded to the US Attorney and Attorney for Defendant.

SIGNED: ___2/25/10_____, 2010.

_____
JOHN H. McBRYDE
UNITED STATES DISTRICT JUDGE

**ORDER GRANTING JOINT MOTION TO ALLOW RELEASE OF EVIDENCE FOR FURTHER TESTING**
United States of America v. Javier Rosales
SOLO PAGE

ntc

E
X
H
I
B
I
T

E



E
X
H
I
B
I
T

E

## AFFIDAVIT

I, Alberto Rosales Veloz, brother of Javier Rosales, had an appointment on April 21, 2011, with my brother's former attorney, Gene deBullet, at 3:00 P.M. My brother had requested for copies of the files in which Mr. deBullet represented my brother in the Case of United States Vs. Javier Rosales, case no.: 4:09-CR-160-Y. My brother requested the police report, the independant examination of the drugs. When I arrived at the attorney's office, his secretary, told me that the copies requested by my brother were not at hand and that it would take two to three weeks so that he could obtain the papers and make the copies requested, due to the fact that the case was closed. Before I returned to the office to pick up the copies, a week prior to April 21, 2011, I had spoken to Gene deBullet's secretary, requesting for the copies, and she the secretary told me to come on April 21, 2011, that the copies would be ready. I also asked for some audio and video discovery that my brother needed. When I spoke to Gene deBullet, on April 21, 2011. Mr. deBUllet told me that he never received the files from Javier's previuos attroney, Mr. Jim Shaw, and he also told me that Mr. Shaw never turned over the audio or video recordings in discovery. Mr. deBullet told me that he would be willing to testify to that if needed to help my brother.

I declare under the penalty of perjury that the following information is true accurate and correct representation of what took place between me and Mr. Gene deBullet. So help me God!

1

Inaddition Mr. Gene deBullet has ceased to return his promised phone call to me, and to answer any letters that my brother has sent him certified return receipt.

State of <u>Texas</u>

County of <u>Tarrant</u>

On this 28th day of _____May_____, 2011, before me, the undersigned, a Notary Public in and for said state, personally appeared before me <u>Alberto Rosates</u>, personally known___, or provied to me on the basis of sactisfactory idnetification <u>Texas DL.</u>, is subscribed to the within instrument and acknowledged to me that He executed the same in His authorized capacity, and that by His signature on the instrument the person upon behalf acted executed this instrument.

Witness my hand and official seal.

_____
Signature

<u>Diana J Carrillo</u>
Name printed

<u>May 09, 2015</u>
My commission expires

_____

DIANA J CARRILLO
My Commission Expires
May 9, 2015

This instrument was prepared by Anthony Davila, 2680 U.S. Hwy. 301 South, Jesup Ga 31599.

E
X
H
I
B
I
T

F



E
X
H
I
B
I
T

F

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Nita Cruz_ ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
N. Cruz

**PLETE THIS SECTION**

ns 1, 2, and 3. Also complete
ricted Delivery is desired.
ne and address on the reverse
n return the card to you.
rd to the back of the mailpiece,
t if space permits.

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

ed to:

ullet, Jr., P.C.
th ain Street,

rt Tx 76164.

**3. Service Type**
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

**4. Restricted Delivery? (Extra Fee)**   ☐ Yes

ervice label)    7008 0500 0000 2540 4322

February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service ™**
**CERTIFIED MAIL ™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com ®

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here    FCI JESUP    APR 15 2011    Mail Room/R&D

Sent To  Gene deBullet, P.C.
Street, Apt. No.; or PO Box No.  2315 N. Main Street, Ste. 300
City, State, ZIP+4  Forth Worth TX 76164

PS Form 3800, August 2006    See Reverse for Instructions

7008 0500 0000 2540 4322

Date: April 22, 2011.

To: Gene deBullet, Jr., P.C.

     Wells Fargo Bank, Stockyards
     2315 North Main Street, Ste. 300
     Forth Worth, TX 76164.

From: Javier Rosales
     Reg.No.: 39033-177

     FCI - Jesup
     2680 U.S. Hwy. 301 South,
     Jesup, Ga 31599.

Re: Indenpendant Lab Results Test / Drug Purity
   U.S. VS. Javier Rosales
   Case No.: 4:09-CR-160-A

       Counselor:

I respectfully request that you may provide me with a copy of the independant lab results test, that you had me pay an additional $1,200.00 dollars for, to test the purity of the drugs. I believe that the money was paid in January 2010, but, I do have the receipt with my Wife,and my Father that paid you for the test. I request that you may provide me with this information as soon as possible. Thank you very much for your assistance in advance.

           Respectfully   Submitted,

           _Javier Rosales_
           Javier Rosales

cc: Certified Return Receipt No.: 7008 0500 0000 2540 4322

E
X
H
I
B
I
T

G



E
X
H
I
B
I
T

G

**Gene deBullet, P.C.**
ATTORNEY AND COUNSELOR AT LAW • MEDIATOR

Wells Fargo Bank, Stockyards
2315 North Main Street, Suite 300
Fort Worth, Texas 76164
email: thebulletfortworth@hotmail.com

Gene deBullet
Member College of The State Bar of Texas
Maintaining Member 2000

Telephone: (817) 335-4767
Fax: (817) 626-3753

**VIA CMRRR #7008 0500 0001 9885 2272**

May 27, 2011

Javier Rosales
Reg. No. 39033-177
FCI – Jesup
2680 U.S. Hwy. 301 South
Jesup, GA 31599

Re: Cause No. U.S. v. Javier Rosales; 4:09-CR-160-Y

Dear Mr. Rosales,

It has taken a while to go to the storage unit to comply with your request.

Per your letter, enclosed is a copy of the independent lab test performed and my bill of $250.00 for time and staff to provide same.

Please have your designee contact me concerning the above.

Let me wish you the best of luck.

Cordial best regards,
Very truly yours,

Gene deBullet
Attorney/Mediator

GdeB/nd

Enclosure:    Forensic Chemistry Report
              Invoice for Legal Fees Incurred

 **Integrated Forensic Laboratories™**
**ANSWERS NOW ™**

901 Clinic Dr. Ste. D110      (817) 553-6565
Euless, Texas 76039           (817) 553-6567 Fax

# FORENSIC CHEMISTRY REPORT
# LABORATORY #  1003005

**Date:**  March 16, 2010                    **Case Number:**  4:09-CR-00160-A

**Agency:**  Cureton & Gordon, L.L.P.

**Defendant:** Javier Rosales                    **Test:**  Quantitation

**Evidence List:**

Received at IFL on March 10, 2010 at 09:40 hours from Fed Ex by A. Tisdale.

1. Crystalline material

**Results:**

1. Quantitative analysis of substance revealed substance to be approximately 100% methamphetamine, calculated as hydrochloride.

**Michael Fish, F-ABC**
**Senior Forensic Scientist**

E
X
H
I
B
I
T

H

E
X
H
I
B
I
T

H

Date: May 26, 2011.

To: Intergrated Forensic Laboratories
    901 Clinic Drive, Ste. C110
    Euless, TX 76039

From: Javier Rosales
      Reg. No.: 39033-177
      FCI - Jesup
      2680 U.S. Hwy. 301 South,
      Jesup, Ga 31599.

Re: United States vs. Javier Rosales
    Case No. : 4:09-CR-00160-A ( Forth Worth Divison)

        To whom it may concern:

I, declare under the penalty of perjury that I am Javier Rosales,

the defendant in the above-mentioned case.

The purpose of my letter is that my attorney, Mr. Gene deBullet

filed a motion on my behalf with the court (See: attached motion,

exhibit "A"). This motion was filed on February 25, 2010.

On that date, the Honorable District Court Judge, John H. McBryde,

issued an order granting the independant testing to be done by your

company. (See: attached order, exhibit "B")

I am in the process of postconviction litigation, and I was

charged $1,200.00 dollars from your company to perform such testing

for the purity of the drugs. (See: FDLE lab report reference,

exhibit "C").

I find that $1,200.00 dollars for a simple purity test of drugs

to be "OUTRAGEOUS".

I respectfully request a copy of the invoice and the lab results

for which I paid you through my attorney.

I don't have much information about your company, however, I believe

that in all fairness, an explanation to justify the cost for the

testing is warranted.

In the event the testing was never performed by your company I would

respectfully request that you may clarify this for me, because I

am the one who paid for the test.

I don't believe it necessary, but if I need to, I will gladly contact the Fedral District Court Judge McBryde, and apprise him that the order that he issued allowing your company to test the drugs, and that I paid for the testing was never performed, seeking the District Court Federal Judge to hold a hearing, issuing a summons for your company to appear before it, to respond to the status of the testing of the drugs that he allowed your company to perform.

Finally, if Mr. deBullet never followed through with the testing, then I ask that you may notify me in writing, within 10 days of receipt of this letter.

RESPECTFULLY SUBMITTED,

Javier Rosales

cc: return receipt no.: 7008 0500 0000 2540 2168

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

FCI JESUP
Postmark Here
MAY 27 2011
Mail Room/R&D

Sent To INTEGRATED FORENSIC LABORATORY
Street, Apt. No.; 901 CLINIC DR., STE.
or PO Box No. EULESS, TX 76039
City, State, ZIP+4

7008 0500 0000 2540 2168

PS Form 3800, August 2006    See Reverse for...

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Intergrated Forensic
Laboratories
901 Clinic Drive, Ste. C110
Euless, TX 76039.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x _A. Norberg_    ☐ Agent
                  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
_Aubrey Norberg_    6-6

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7008 0500 0000 2540 2168

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

E
X
H
I
B
I
T

I



E
X
H
I
B
I
T

I

**Gene deBullet, P.C.**

GENE DE BULLET, JR.
Member College of The State Bar of Texas
Maintaining Member 2000

ATTORNEY AND COUNSELOR AT LAW • MEDIATOR

Wells Fargo Bank, Stockyards
2315 North Main Street, Suite 300
Fort Worth, Texas 76164
email: thebulletfortworth@hotmail.com

Telephone: (817) 335-4767
Fax: (817) 626-3753

Gene deBullet
Member College of The State Bar of Texas
Maintaining Member 2000

Telephone: (817) 335-4767
Fax: (817) 626-3753

**VIA CMRRR # 7010 1870 0001 9228 1090**

June 7, 2011

Ron Fazio
Integrated Forensic Laboratories
901 Clinic Drive, Suite C110
Euless, TX 76039

Re: Cause No. U.S. v. Javier Rosales; 4:09-CR-160-Y

Dear Mr. Fazio,

I received a copy of correspondence from Javier Rosales requesting results from testing of Methamphetamine in February of 2011. I believe that this request crossed to you in the mail as I have retrieved your test results and forwarded them to Mr. Rosales.

Your fees have been paid as have mine and the case has been closed from the standpoint of the purity of the drug test.

I wanted to clarify the situation from my standpoint as the bottom line is the drug was 99% pure per your testing.

Cordial best regards,
Very truly yours,

Gene deBullet
Attorney/Mediator

GdeB/nd

E
X
H
I
B
I
T

J



E
X
H
I
B
I
T

J

Date: June 20, 2011.

To: Integrated Forensic Laboratories
    Attention: Mr. Ron Fazio
    901 Clinic Drive, Ste. C110
    Euless, Tx 76039.

From: Javier Rosales
    Reg.No.: 39033-177
    FCI – Jesup
    2680 U.S. Hwy. 301 South,
    Jesup, Ga 31599.

Certified Return Receipt No.: 7010 0290 0002 8417

Re: UNITED STATES V. JAVIER ROSALES
    Case No.: 4:09-CR-00160-A (Forth Worth Division)

    INDEPENDENT LAB RESULTS

        Dear Mr. Fazio:

Enclosed is a copy of my initial letter that I sent to your company requesting

for a copy of the invoice and the lab results for which I paid for.

Please be advised that on June 7, 2011, I received a letter from Mr. Gene deBullet,

in which he wrote to you stating that you forwarded a copy of my correspondence

to you.

That is not what I requested for you to do. I could have asked Mr. deBullet

to provide me the lab results and the invoice my self, which I did.

By law, I am entitled to any documents that are in your control, pertaining

to or related to U.S. v. Javier Rosales; Case No.: 4:09-CR-160-A.

This is my last written request to your company to provide me with a copy of

the invoice and the lab result test performed by your company on my behalf.

I will not accept that you may forward this letter to Mr. debullet,( passing

the buck), as you previously did with my initial letter.

Failure to comply with my request within 5 days of receipt of this letter,

will leave me no choice but to file a complaint against your company and Mr.

deBullet, before the Honorable Judge John McBryde.

                    Respectfully Submitted,

                    *Javier Rosales*

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

FCI JESUP
Postmark
JUN 21 2011 Here
Mail Room/R&D

Sent To   Integrated Forensic Laboratory
Street, Apt. No.;   901 Clinic Dr., Ste. C110
or PO Box No.
City, State, ZIP+4   Euless, TX 76039.

PS Form 3800, August 2006                See Reverse for Instructions

7010 0290 0002 2902 8417

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Integrated Forensic Laboratory
Attention: Mr. Ron Fazio
901 Clinic Dr., Ste. C110
Euless, TX 76039.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _C. Norbey_                    ☐ Agent
                                 ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
Audrey Norbey                    6-27-11

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)     7010 0290 0002 2902 8417

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

E
X
H
I
B
I
T

K

E
X
H
I
B
I
T

K

---

**UNITED STATES, Plaintiff-Appellee, VERSUS DAVID TREFT, Defendant-Appellant.**
**UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**
447 F.3d 421;2006 U.S. App. LEXIS 10098
No. 04-41721
April 21, 2006, Filed

---

**Editorial Information: Subsequent History**

US Supreme Court certiorari denied by Treft v. United States, 2006 U.S. LEXIS 8416 (U.S., Nov. 6, 2006)

**Editorial Information: Prior History**

Appeal from the United States District Court for the Eastern District of Texas.

**Counsel**    For UNITED STATES OF AMERICA, Plaintiff - Appellee: Arnold Augur Spencer, US Attorney's Office, Eastern District of Texas, Tyler, TX.    For DAVID HENRY TREFT, Defendant - Appellant: Donald Lee Bailey, Sherman, TX.

**Judges:** Before HIGGINBOTHAM, DeMOSS, and OWEN, Circuit Judges. PRISCILLA R. OWEN, Circuit Judge, concurring.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Following a jury trial, the U.S. District Court for the Eastern District of Texas entered judgment convicting defendant of knowingly or intentionally manufacturing, distributing, or dispensing, or possessing with the intent to manufacture, distribute, or dispense, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.S. § 841(a)(1). Defendant appealed.Court of appeals found that any error district court committed under the U.S. Supreme Court's decision in United States v. Booker when it determined sentence of defendant who was convicted of violating 21 U.S.C.S. § 841(a)(1) was harmless because defendant was sentenced to the minimum period of imprisonment required by 21 U.S.C.S. § 841(b)(1)(A).

**OVERVIEW:** Defendant objected to a presentence report, arguing that the court should not consider the amount of pseudoephedrine that was found in his trash when it determined his sentence because the jury was not asked to consider that issue. The district court overruled that objection and denied defendant's request for a downward adjustment of two levels in his base offense level, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(6) (2003), and it sentenced him to 10 years' imprisonment, the minimum period of imprisonment required by 21 U.S.C.S. § 841(b)(1)(A). The court of appeals held that (1) the marketability test which the U.S. Supreme Court discussed in Chapman v. United States did not apply when determining whether a liquid was a mixture or substance containing methamphetamine under 21 U.S.C.S. § 841, and the evidence was sufficient to sustain defendant's conviction; (2) the district court did not err when it concluded that defendant was not entitled to a downward adjustment; and (3) any error which the district court committed when it sentenced defendant was harmless because his conviction was lawful and he was sentenced to the minimum period of imprisonment required by law.

A05_11CS                                    1

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

various drugs, including heroin, cocaine, and LSD, it provides for mandatory minimum sentences for crimes involving certain weights of a "mixture or substance containing a detectable amount" of the drugs. With respect to other drugs, however, namely phencyclidine (PCP) or **methamphetamine**, it provides for a mandatory minimum sentence based *either* on the weight of a *mixture or substance* containing a detectable amount of the drug, *or* on lower weights of *pure* PCP or **methamphetamine**. For example, § 841(b)(1)(A)(iv) provides for a mandatory 10-year minimum sentence for any person who distributes "100 grams or more of . . . PCP . . . or . . . or 1 kilogram or more of a mixture or substance containing a detectable amount of . . . PCP . . . ." Thus, with respect to these two drugs, Congress clearly distinguished between the pure drug and a "mixture or substance containing a detectable amount of" the pure drug. But *with respect to drugs such as LSD, which petitioners distributed,* Congress declared that sentences should be based exclusively on the weight of the "mixture or substance." Congress knew how to indicate that the weight of the pure drug was to be used to determine the sentence, and did not make that distinction with respect to LSD. 10

The foregoing contrast forms the basis of the Fifth Circuit's conclusion that the market-oriented approach discussed in *Chapman* does not apply to **methamphetamine** or PCP offenses. 11 I respectfully submit that *Chapman* does not require such a conclusion. The Supreme Court was simply saying that with regard to **methamphetamine** or PCP, a statutory minimum sentence applies if the offense involved *either* a certain weight of a pure drug or a mixture of a specified weight containing a detectable amount of a drug. In reality, **methamphetamine** will rarely be entirely pure. 12 The statutory minimum sentence applies if the offense involves "50 grams or more of **methamphetamine** . . . or 500 grams or more of a mixture or substance containing a detectable amount of **methamphetamine**." 13 A substance that is 99% **methamphetamine** and 1% inert material weighing 51 grams would trigger the minimum sentence, regardless of whether it is considered "**methamphetamine**" or "a mixture or substance." As the Seventh Circuit has pointed out, "as a practical matter, this means that the higher thresholds for mixtures will matter only when the PCP or **methamphetamine** mixture contains less than 10 percent active ingredient." 14

In determining what is or is not a "mixture or substance," the same principles apply, including the market-oriented approach, {447 F.3d 430} regardless of whether the drug is **methamphetamine**, PCP, LSD or one of the other drugs identified in section 841(b). Congress used the same phrase, "[specified weight] or more of a mixture or substance containing a detectable amount of [specified drug]," at least sixteen times in section 841(b). 15 Only the quantity and the drug vary among those subsections. There is no indication from the text of section 841(b) or from *Chapman* that Congress intended the same phrase to have different meanings, depending on the type of drug to which the phrase was appended.

The question not clearly resolved by *Chapman* is how its rationale applies when detectable amounts of a drug are contained in an unmarketable mixture or substance. Not only did the Supreme Court say that "Congress adopted a 'market-oriented' approach to punishing drug trafficking, under which the total quantity of what is distributed, rather than the amount of pure drug involved, is used to determine the length of the sentence," 16 the Court also said that the quantity of drugs is to be measured by the "'street weight'":

The penalty scheme set out in the Anti-Drug Abuse Act of 1986 is intended to punish severely large-volume drug traffickers at any **level**. . . . It assigns more severe penalties to the distribution of larger quantities of drugs. By measuring the quantity of the drugs according to the "street weight" of the drugs in the diluted form in which they are sold, rather than according to the net weight of the active component, the statute and the Sentencing Guidelines increase the penalty for persons who possess large quantities of drugs, regardless of their **purity**. That is a rational sentencing scheme. 17

The discussion of a market-oriented approach and the street weight of drugs has led some circuits to conclude that only the amount of a drug in an unusable or nonmarketable mixture containing

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



CERTIFIED MAIL

7000 2002 2000 0290 2027

<39033-177>
U.S District Court Clerk
501 W 10 th Street
FORT Worth, TX 76102-3673
United States

Javier Rosales # 39033-177
Federal Correctional Institution Jesup
2680 U.S. Hwy. 301 South
Jesup, Ga 31599

Legal Mail

RECEIVED
2011 AUG 18  AM 10:58
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FORT WORTH DIVISION
CLERK OF COURT

FCI JESUP
AUG 1 0 2011
Mail Room/R&D

FEDERAL CORRECTIONAL INSTITUTION
JESUP, GA 31545
2680 HIGHWAY 301
INMATE NAME _____  DATE _____
THE ENCLOSED LETTER WAS PROCESSED
THROUGH SPECIAL MAILING PROCEDURES
FOR FORWARDING TO YOU. THE LETTER
HAS NEITHER BEEN OPENED NOR INSPECTED.
IF THE WRITER RAISES A QUESTION OR A
PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION, YOU MAY WISH TO
RETURN THE MATERIAL FOR FURTHER
INFORMATION OR CLARIFICATION.
IF THE WRITER ENCLOSES CORRESPONDENCE
FOR FORWARDING TO ANOTHER ADDRESSEE,
PLEASE, RETURN THE ENCLOSURE
TO THE ABOVE ADDRESS.



Javier Rosales # 39033-177
Federal Correctional Institution Jesup
2680 U.S. Hwy. 301 South,
Jesup, Ga 31565

Legal Mail !

Jacksonville Fl 32099 ???

THU 11 AUG 2011 PM

(copy of complaint)
RECEIVED
DATE 11:39am
AUG 18 2011
Shawn I. Weatherby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

via Fed Ex

FT. Worth CASE

39033-177
Angie Fish
Chief Judge
1100 Commerce ST
1528 Earle Cabell FED. BL
Dallas, TX 75242-1597
United States

FEDERAL CORRECTIONAL INSTITUTION    FCI JESUP
2680 HIGHWAY 301
JESUP, GA 31545
DATE    AUG 10 2011
THE ENCLOSED LETTER WAS PROCESSED
THROUGH SPECIAL MAILING PROCEDURES
FOR FORWARDING TO YOU. THE LETTER
HAS NEITHER BEEN OPENED NOR INSPECTED.
IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION, YOU MAY WISH TO
RETURN THE MATERIAL FOR FURTHER
INFORMATION OR CLARIFICATION. IF THE
WRITER ENCLOSES CORRESPONDENCE
FOR FORWARDING TO ANOTHER ADDRESSEE,
PLEASE RETURN THE ENCLOSURE